IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRANCE D. SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:14-CV-1889 RM |
| | ) | |
| BARBARA A. BRUBAKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Terrance D. Swann, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983. (DE 12.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). A *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Swann is an inmate at the Westville Correctional Facility ("Westville). He was initially seen by Dr. Joseph M. Thompson on June 25, 2013, complaining of three lumps on his testicles that caused him pain and disrupted his urine flow. Dr. Thompson prescribed the medication Cardura. In August 2013, Mr. Swann began experiencing side effects from the Cardura, which included fatigue, chest pains, stomach pains, pains in his rectum, blood in his stool, digestion complications and breath and body odor. These side effects continue to this date. Mr. Swann alleges Nurse Practitioner Brubaker continued to prescribe him Cardura even though he reported it was causing him extreme pain and complications.

Mr. Swann says that from March 2014 to August 2014, he made several health care requests surrounding his side effects from taking Cardura that went unanswered. He alleges that because he had previously filed complaints and grievances against Nurses Bigheart and Moore, these nurses intentionally disregarded his health care requests, which resulted in delayed medical treatment.

During this time, Mr. Swann asserts he was verbally harassed by Nurse Bigheart, Officer Baity, Officer Larson and Officer Williams, due to his body odor. They would make comments about how Mr. Swann "stinks" and would also make gestures, such as turning up their noses as they walked by Mr. Swann.

Mr. Swann made his complaints known to prison officials. He wrote to Health Care Administrator, DeAngela Boyn, and complained about Nurse Bigheart's verbal harassment. He also complained to Indiana Department of Corrections Commissioner, Bruce Lemmon, that the prison staff wouldn't provide him with any form of odor control.

Mr. Swann further complained to Captain Reeves, custody supervisor in the Westville Control Unit, and Mr. Lowry, Complex Director of the Westville Control Unit, about being harassed by officers, and not receiving requested medical care. None of these people resolved Mr. Swann's complaints about officer and medical staff misconduct.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). Swann first alleges being denied proper medical care under the Eighth Amendment, due to Nurse Practitioner Brubaker continuing to prescribe Cardura.

Inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). "Conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be liable under the Eighth Amendment for

deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

The complaint can be read to allege that Nurse Practitioner Brubaker failed or refused to change Mr. Swann's prescription medication of Cardura even though it was making his condition worse. The Eighth Amendment doesn't entitle an inmate to a specific form of treatment, prison medical staff can't simply continue with a course of treatment that is known to be ineffective. Greeno v. Daley, 414 F.3d at 654-55. Giving Mr. Swann the inferences to which he is entitled at this stage, he has alleged an Eighth Amendment claim against Nurse Brubaker.

Mr. Swann also seeks injunctive relief, requiring Westville to provide him with some sort of body odor control. Mr. Swann's body odor isn't an objectively serious medical need. There is no allegation that his body odor caused him any pain. Instead, it is more akin to a hygiene problem. An Eighth Amendment claim for lack of hygiene items requires a denial of the "minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 774 (7th Cir. 2008). Mr. Swann doesn't allege he was deprived of any basic hygiene materials. Instead, he complains that he was not given something special to alleviate his body odor. This isn't a denial of "life's necessities" and doesn't rise to the level of a constitutional claim.

Mr. Swann next alleges that Nurses Bigheart and Moore violated the Eighth

-4-

Amendment by ignoring many of his health care request forms because he had filed grievances against both of them. Mr. Swann says this produced a delay in treatment, which has caused him to suffer for a prolonged period of time. A delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. Arnett v. Webster, 658 F.3d 742, 752-53 (7th Cir. 2011); Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008). Mr. Swann has alleged an Eighth Amendment claim against Nurses Bigheart and Moore.

Mr. Swann also brings suit against Nurse Bigheart, and Officers Baity, Larson and Wilson due to their verbal harassment and making gestures regarding Mr. Swann's body odor. Such conduct might be unprofessional, but it doesn't give rise to a constitutional claim. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). These claims must be dismissed.

Mr. Swann brings suit against DeAngela Boyd, Captain Reeves, Mr. Lowry, and Bruce Lemmon for failing to properly investigate Mr. Swann's claims. Mr. Swann doesn't allege, and it's unreasonable to infer from the complaint, that any of these officials played a direct role in the providing of medical care. Mr. Swann asserts that they had personal involvement sufficient to trigger liability under Section 1983 because he sent them letters complaining about his treatment. "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 593 (7th Cir. 2009).

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

Id. at 595.

Nothing in the complaint indicates that defendants Boyd, Reeves, Lowry or Lemmon did anything to cause or exacerbate Mr. Swann's serious medical problems, nor did they stand in the way of his treatment. At most, they knew about his odor problem, which inst a serious objective medical condition. Mr. Swann was under the treatment of medical staff during this period, and non-medical prison officials can't be held liable for deferring to their judgment. Id. at 596 ("[A] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ."); Greeno v. Daley, 414 F.3d at 656 ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). For these reasons, Mr. Swann's complaint doesn't state a claim against these defendants.

Mr. Swann brings suit against Corizon Health Services, because it employed Nurses Bigheart, Moore and Brubaker. A private company like Corizon Health Services can be held liable for constitutional violations when it performs a state function, see West v.

Atkins, 487 U.S. 42 (1988), but there is no general supervisory liability under 42 U.S.C. § 1983. Chavez v. Ill. State Police, 251 F.3d 612, 651 (7th Cir. 2001). Corizon can't be held liable simply because it employs the medical staff involved in this incident.

In his original complaint, Mr. Swann brought the claims discussed so far relating to his medical condition. (DE 2.) He then filed an amended complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. In his amended complaint, Mr. Swann adds a claim that Westville officials have unduly interfered with his religious practice. Mr. Swann, a Sunni Muslim, claims he has been denied the right to possess certain items in his cell for use in his religious practice including a prayer matt, prayer beads, a Quran and scented prayer oil. Evan Lowry, as the complex director, would be a proper defendant for purposes of a claim for injunctive relief, since he could ensure that an order pertaining to Mr. Swann's religious practice is carried out. *See* Feit v. Ward, 886 F.2d 848, 858 (7th Cir. 1989). But these religious practices claims are unrelated to his medical claims and must be pursued in a separate case.

Litigants can't join unrelated claims against different defendants in one case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, the religious claims in the amended complaint will be dismissed without prejudice, and Mr. Swann will be provided a Section 1983 packet so he can pursue them in a separate lawsuit, if he so chooses.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Nurse Practitioner Barbara Brubaker in her individual capacity for compensatory and punitive for denying him

adequate medical care in violation of the Eighth Amendment by continuing to prescribe Cardura;

(2) **GRANTS** the plaintiff leave to proceed against Nurses Moore and Bigheart in their individual capacities for compensatory and punitive damages for denying him adequate medical care in violation of the Eighth Amendment by disregarding plaintiff's health care request forms;

(3) **DISMISSES WITHOUT PREJUDICE** Evan Lowry and the First Amendment and Religious Land Use and Institutionalized Persons Act claims;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Corizon Heath Services, Bruce Lemmon, DeAngela Boyn, Captain Reeves, Officer Baity, Officer Larson and Officer William;

(6) **DIRECTS** the clerk to send plaintiff a blank prisoner Complaint 42 U.S.C. § 1983 packet;

(7) **DIRECTS** the clerk to transmit the summons and USM-285 for Nurse Barbara Brubaker, Nurse Moore and Nurse Bigheart to the United States Marshals Service along with a copy of the amended complaint (DE 12) and this order;

(8) **DIRECTS** the U.S. Marshals Service to effect service of process on Nurse Barbara Brubaker, Nurse Moore and Nurse Bigheart pursuant to 28 U.S.C. § 1915(d); and

(9) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Barbara Brubaker, Nurse Moore and Nurse Bigheart respond, as provided for in the Federal

Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 8, 2015.          /s/ Robert L. Miller, Jr.
                                   Judge
                                   United States District Court