IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRANCE D. SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:14-CV-1889 RM |
| | ) | |
| BARBARA A. BRUBAKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Terrance D. Swann, a *pro se* prisoner, asks the court to reconsider (DE 109) its opinion and order (DE 104) granting the defendants' motion for summary judgment in light of his unauthorized amended response brief (DE 108) filed after summary judgment was granted.

After the briefing of the defendants' motion for summary judgment was complete, Mr. Swann filed a motion to amend his response brief because he was concerned that it didn't comply with the court's local rules. The court explained that was unnecessary and that any formatting shortcomings wouldn't be held against him. Because Mr. Swann didn't show any need or benefit to amending his response brief, the court denied the motion (DE 104 at 11) and ruled on the fully briefed motion for summary judgment.

Unbeknownst to the court and without leave, Mr. Swann submitted an amended response, which was submitted before, but not filed until after, summary judgment was granted. Because Mr. Swann was denied leave to amend his response brief, the court

wouldn't have considered it even had the unauthorized, amended brief been filed before the court issued its opinion,. See Schmidt v. Eagle Waste & Recycling, Inc., 599 F.3d 626, 630-31 (7th Cir. 2010)  (noting that district court has wide discretion in determining whether to allow a party to file an amended response brief).

Mr. Swann asks the court to reconsider its opinion in light of his amended response brief. This court treats the request as ine under Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to request the court to alter or amend a judgment, but is an "extraordinary remed[y] reserved for the exceptional case." Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are meant for the limited purpose of correcting a "manifest error," which "'is not demonstrated by the disappointment of the losing party." Loparex, LLC v. MPI Release Technologies, LLC, 1:09-CV-01411, 2012 WL 6094141 (S.D. Ind. Dec. 7, 2012) (quotations and citations omitted). A Rule 59(e) motion should be granted "where the court has misunderstood a party, where the court has made an error of apprehension (not reasoning), where a significant change of law occurred, or where significant new facts have been discovered. " Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011).

Mr. Swann's motion to reconsider doesn't fit that description. He simply wants the court to revisit its opinion in light of his amended response brief. Mr. Swann doesn't explain how his amended response is materially different than his original response (DE 97), nor does he explain how any of the 01 pages of documents he filed create any genuine dispute or why they weren't included in his original response.

Mr. Swann's amended response points to two additional pieces of evidence. (DE 108 at ¶ 2.) Neither sheds any further light on the defendants' actions towards Mr. Swann; neither creates a genuine dispute. The first is an affidavit from fellow Westville Control Unit inmate Thomas Ankrom, who states that when he asks for urgent medical treatment, it takes one to two weeks from his sick call interview requests to be answered and another week or two to see a doctor. The second is an October 24, 2015, letter Mr. Ankrom wrote to Nurse Boyan complaining about Nurse Jaske. The treatment of Mr. Ankrom is irrelevant as to whether the defendants acted deliberately indifferent towards Mr. Swann, and the significance of Nurse Jaske, who isn't even a defendant in this case, isn't apparent.

As fully explained in the January 25, 2016, opinion and order, there was no showing that any of the defendants were deliberately indifferent to Mr. Swann's medical needs. There was no evidence that Nurse Brubaker was deliberately indifferent when she renewed his prescription of Cardura or when she later discontinued it. Nurse Brubaker's rude comments towards Mr. Swann, even if unprofessional and out of line, didn't violate the Constitution. And, finally there was no evidence that Nurse Moore delayed any treatment of Mr. Swann. Mr. Swann received extensive and prolonged treatment consisting of a battery of tests, examinations and prescriptions. Nothing in Mr. Swann's motion to reconsider, attached evidence or amended response brief alters any of the court's conclusions.

For these reasons, the court DENIES the motion to reconsider. (DE 109.)

SO ORDERED.

ENTERED: April 5, 2016.                    /s/ Robert L. Miller, Jr.
                                          Judge
                                          United States District Court